IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No: 4:17-cv-00101 |
| | ) JUDGE BENITA Y. PEARSON |
| v. | ) |
| TRUMBULL METROPOLITAN HOUSING AUTHORITY, et al. | ) |
| Defendants, | ) |

## CONSENT ORDER

This Consent Order resolves the allegations in the Complaint filed by the United States of America in the above matter alleging that defendants Trumbull Metropolitan Housing Authority (hereinafter "TMHA") and Russell Osman and Valerie Simeon, in their official capacities as employees of TMHA, (together "Defendants") violated the Fair Housing Act (hereinafter "FHA" or "the Act"), 42 U.S.C. §§ 3601-3619. This case was brought pursuant to 42 U.S.C. § 3612(o) on behalf of aggrieved persons JG, SP and their minor children, AP and MH (together "aggrieved persons"). This Consent Order does not resolve the allegations in the Complaint in Intervention filed by the aggrieved persons on DATE.

### I. BACKGROUND

1. The United States and the Defendants agree that the Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 42 U.S.C. § 3610(o).

2. The United States initiated this action to enforce the provisions of the Fair Housing Act, 42 U.S.C. § 3601, et seq. The United States alleges that Defendants unlawfully refused to negotiate for the rental of, or otherwise made unavailable or denied a dwelling to a person because of disability, in violation of Section 804(f)(1) of the FHA, 42 U.S.C. §§ 3604(f)(1); and discriminated against a person in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of disability, in violation of Section 804(f)(2) of the FHA, 42 U.S.C. §§ 3604(f)(2) and (f)(3).

3. Specifically, the United States contends that Defendants failed to make a reasonable accommodation in its policies, practices and procedures when it canceled a housing voucher it had issued to the aggrieved persons after they informed TMHA that they could not move into a house they selected to rent because they had been informed by a social worker that it did not have a suitable room for JG to perform home dialysis. TMHA did so based on its policy requiring housing voucher recipients to move into a unit once it has been inspected by TMHA, unless the landlord failed to correct any problems identified.

4. The United States alleges that, through this conduct, the Defendants have:

    a. Violated 42 U.S.C. § 3604(f)(1) by refusing to negotiate for the rental of, or otherwise making unavailable or denying a dwelling to a person because of disability or association with a person with a disability;

    b. Discriminated against a person in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of disability, in violation of Section 804(f)(2) of the FHA, 42 U.S.C. §§ 3604(f)(1).

c.  Violated 42 U.S.C. § 3604(f)(1) and (f)(3) by refusing to make a reasonable accommodation in rules, practices, or policies, thereby discriminating against a person in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of disability or association with a person with a disability.

5.  As indicated by the signatures appearing below, the United States and the Defendants agree to the entry of this Consent Order.  This Consent Order constitutes full resolution of the claims in the United States' Complaint that the Defendants discriminated against the aggrieved persons through the conduct described in the Complaint and herein.  This Consent Order is not intended to connote, and shall not be construed as connoting, an admission of liability by the Defendants, by whom liability is expressly denied.

It is hereby ORDERED, ADJUDGED and DECREED:

## II.  INJUNCTIVE RELIEF

6.  Defendants, their officers, employees, agents, representatives, successors and assigns, and all other persons in active concert or participation with them are enjoined from:

a.   Discriminating on the basis of disability as prohibited by the FHA, 42 U.S.C. §§ 3601-3619;

b.  Discriminating in the rental of, or otherwise making unavailable or denying, a dwelling to any renter on the basis of disability, in violation of 42 U.S.C. § 3604(f)(1);

c.  Discriminating against any person in the terms, conditions, or privileges of the rental of a dwelling, or in the provision of services or facilities in

connection with the rental of such a dwelling on the basis of disability, in violation of 42 U.S.C. § 3604(f)(2); and

d. Refusing to make reasonable accommodations in rules, policies, practices or services when such accommodations may be necessary to afford a resident with a disability an equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3).

### III. NONDISCRIMINATION AND COMPLAINT POLICIES

7. Within fifteen (15) days of the date of entry of this Consent Order, the Defendants shall post and prominently display within public areas of TMHA's offices a poster that comports with 24 C.F.R. Part 110.

8. The Defendants shall ensure that any new advertising for TMHA in newspapers, in telephone directories, on radio, on television, on the internet, or in other media, and any signs, pamphlets, brochures, or other promotional literature include a fair housing logo, the phrase "Equal Housing Opportunity Provider," and/or the following sentences:

> We are an Equal Opportunity Housing Provider. We do not discriminate on the basis of race, color, national origin, religion, sex, familial status, disability, or any other basis prohibited by federal or state law.

9. Within forty-five (45) days of the date of entry of this Consent Order, the Defendants shall provide to the person listed as head of the household for each of TMHA's voucher program participants a written notice, enclosing the policy of nondiscrimination (hereinafter "Nondiscrimination Policy") attached hereto as Appendix A. In addition, the Defendants shall include in all voucher program application packets, a copy of the Nondiscrimination Policy.

10. The Defendants shall establish and adopt a written complaint policy for TMHA (hereinafter "Complaint Policy"). The Complaint Policy shall inform applicants for TMHA's

voucher program and voucher recipients how and where to file a complaint with TMHA about the practices of TMHA, its employees and its agents that relate to the Nondiscrimination Policy and/or to other rights afforded by the FHA. The Complaint Policy shall also inform applicants for TMHA's voucher program and voucher recipients of their right to file a fair housing complaint with HUD. Within thirty (30) days of the date of entry of this Consent Order, the Defendants shall provide a draft copy of the Complaint Policy to counsel for the United States for approval. The United States shall respond to the Defendants' proposed Complaint Policy within thirty (30) days of its receipt. If the United States objects to any part of the Defendants' proposal, the parties shall have thirty (30) days to resolve their disagreement. If they are unable to do so, the parties shall submit the dispute to the Court for resolution. The Defendants shall implement the Complaint Policy within thirty (30) days of approval by the United States or determination by the Court.

11. Within thirty (30) days of the date of implementation of the Complaint Policy, the Defendants shall provide a copy of the Complaint Policy to each current TMHA voucher recipient. The Defendants shall provide a copy of the Complaint Policy to each new TMHA voucher recipient with the notice of issuance of their voucher.

## IV. REASONABLE ACCOMMODATION POLICY

12. The Defendants shall establish and adopt a specific written policy, the "Reasonable Accommodation Policy for Persons with Disabilities," for receiving and handling requests for reasonable accommodations made by TMHA voucher program applicants and voucher recipients with disabilities. This policy shall comply with the requirements of 42 U.S.C. §§ 3601-3619 and all other applicable federal and state laws and shall include the following elements:

    a. A provision describing where and how requests for accommodations in TMHA's rules, policies, practices, or services are to be accepted and processed;

    b. A provision stating that each request for a reasonable accommodation and the response thereto shall be fully documented by the Defendants;

    c. A provision stating that all requests for a reasonable accommodation shall be acknowledged, in writing, within five (5) days of the Defendants' receipt of an oral or written request;

    d. A provision stating that those requesting a reasonable accommodation shall be notified in writing of the decision regarding their request within ten (10) days of the receipt of that request; if a request is denied, an explanation of the basis for the denial shall be included in this written notification;

    e. A provision stating that the final written decision regarding the reasonable accommodation request will be retained in TMHA's files;

    f. A provision stating that the Defendants shall consider all requests for accommodations because of a disability and shall grant those requests that are reasonable within the meaning of the FHA; and

    g. A provision stating that the Defendants shall not impose any additional fees or costs, or otherwise retaliate against any person who has exercised his/her rights under the FHA to make one or more reasonable accommodation requests and, if applicable, to receive a reasonable accommodation.

13. Within thirty (30) days of the date of entry of this Consent Order, the Defendants shall provide a draft copy of the Reasonable Accommodation Policy for Persons with Disabilities to

counsel for the United States for approval. The United States shall respond to the Defendants' proposed Reasonable Accommodation Policy for Persons with Disabilities within thirty (30) days of its receipt. If the United States objects to any part of the Defendants' proposal, the parties shall have thirty (30) days to resolve their disagreement. If they are unable to do so, the parties shall submit the dispute to the Court for resolution. The Defendants shall implement the Reasonable Accommodation Policy for Persons with Disabilities policy within thirty (30) days of approval by the United States or determination by the Court.

14. Within thirty (30) days of the date of implementation of the Reasonable Accommodation Policy for Persons with Disabilities, the Defendants shall provide a copy of the Reasonable Accommodation Policy for Persons with Disabilities to each current TMHA voucher program participant. In addition, the Defendants shall include in all voucher program application packets, a copy of the Reasonable Accommodation Policy.

15. The Defendants shall keep written records of each request for reasonable accommodation they receive during the duration of this Consent Order. These records shall include: (a) the name, address, and telephone number of the person making the request; (b) the date upon which the request was received; (c) the nature of the request; (d) whether the request was granted or denied; and (e) if the request was denied, the reason(s) for the denial.

16. Within fifteen (15) days of the date of implementation of the Reasonable Accommodation Policy for Persons with Disabilities, the Defendants shall post and prominently display the Reasonable Accommodation Policy for Persons with Disabilities within public areas of TMHA's office, and within the offices of all Authority management officials.

17. If the Defendants propose to change the Reasonable Accommodation Policy for Persons with Disabilities during the term of this Consent Order, they shall first provide counsel for the

United States with a copy of the proposed changes. If the United States does not deliver written objections to the Defendants within sixty (60) days of receiving the proposed changes, the changes may be effected. If the United States makes any objections to the proposed changes within the sixty (60) day period, the specific changes to which the United States objects shall not be effected until the objections are resolved, either by agreement or by order of Court.

## V. TRAINING

18. Within fifteen (15) days of the date of entry of this Consent Order, the Defendants shall provide a copy of the Consent Order and the Nondiscrimination Policy to all Authority employees and agents whose duties, in whole or in part, involve TMHA's voucher program ("covered Authority employees"). For both the Defendants' Complaint Policy and Reasonable Accommodation Policy for Persons with Disabilities, within fifteen (15) days of the implementation of each policy, the Defendants shall provide a copy of those policies to all covered Authority employees. The Defendants shall secure signed statements conforming to Appendix B from each covered Authority employee acknowledging that he/she has received, read and understands the Consent Order, the Nondiscrimination Policy, the Complaint Policy and the Reasonable Accommodation Policy for Persons with Disabilities, and has had his/her questions about these documents answered. Copies of those signed statements shall be provided to the United States in accordance with the provisions of Paragraph 23.

19. Within ninety (90) days of the date of entry of this Consent Order, TMHA shall provide training focused on the prohibition of disability discrimination under the FHA to all covered Authority employees. The training shall specifically include the topic of reasonable accommodation, and shall cover this topic in depth. The training shall be conducted by a qualified third party, approved by the United States and unconnected to the Defendants, or their

employees, agents, or counsel. Any expenses associated with this training shall be borne by TMHA. Those who attend the training shall be required to sign a certification of completion conforming to Appendix C. Copies of those signed certifications shall be provided to the United States in accordance with the provisions of Paragraph 23.

20. During the term of this Consent Order, each new covered Authority employee shall be given a copy of this Consent Order, the Nondiscrimination Policy, the Complaint Policy and the Reasonable Accommodation Policy for Persons with Disabilities. Each such new covered Authority employee shall sign statements conforming to Appendix B. Within thirty (30) days of the date of hire of any new covered Authority employee, TMHA shall provide training focused on the prohibition of disability discrimination under the FHA for the covered employee. The training shall be conducted by a qualified third party, approved by the United States and unconnected to the Defendants, or their employees, agents, or counsel. Training may be accomplished by viewing a presentation on DVD or other recording medium, approved by the United States. Any expenses associated with this training shall be borne by TMHA. Those who attend the training shall be required to sign a certification of completion conforming to Appendix C. Copies of those signed certifications shall be provided to the United States in accordance with the provisions of Paragraph 23.

### VI. REPORTING AND RECORD KEEPING REQUIREMENTS

21. Within one hundred twenty (120) days of the date of entry of this Consent Order, and thereafter on the anniversary of the entry of this Consent Order, the Defendants shall submit to counsel for the United States a compliance report, except that the final report shall be submitted sixty (60) days prior to the anniversary of this Consent Order. The compliance report shall include: (a) the signed statements and certifications of each covered Authority employee referred

to in paragraphs 20-22 obtained since the entry of the Consent Order or submission of the prior compliance report; (b) a copy of the then-current Reasonable Accommodation Policy for Persons with Disabilities; (c) copies of any advertising for TMHA in newspapers, in telephone directories, on radio, on television, on the internet, or in other media, and copies of any signs, pamphlets, brochures, or other promotional literature concerning TMHA published since the submission of the prior report; and (d) photographs showing the Nondiscrimination Policy described in Paragraph 11 and the Reasonable Accommodation Policy for Persons with Disabilities described in Paragraph 14 posted and prominently displayed pursuant to this agreement.

22. During the term of this Consent Order, the Defendants shall notify counsel for the United States in writing within fifteen (15) days of receipt of any written complaint filed by a tenant or applicant of TMHA in a court of law or with a civil rights enforcement agency, such as the U.S. Department of Housing and Urban Development through its Office of Fair Housing and Equal Opportunity or the Ohio Civil Rights Commission against the Defendants and/or any of the Defendants' agents or employees regarding disability discrimination. The notification shall include the full details of the complaint, including the complainant's name, address, and telephone number. The Defendants shall also promptly provide the United States all information it may reasonably request concerning any such complaint and shall inform the United States in writing within fifteen (15) days of the terms of any resolution of such a complaint.

23. For the duration of this Consent Order, the Defendants shall preserve all records related to this Consent Order. Such documents include, but are not limited to, advertisements, applications, leases, voucher program participant files, policies and procedures. Upon request by the United States, reasonably calculated to advance its investigation of a Complaint as described

in paragraph 24, or other allegation of non-compliance received by the Department of Justice, Defendants shall provide copies of such documents.

## VII.  SCOPE OF CONSENT ORDER

24.     The provisions of this Consent Order shall apply to the Defendants, their employees, agents, assigns, successors-in-interest, and all persons in active concert or participation with them.

## VIII.  MODIFICATIONS, ATTORNEY'S FEES AND COSTS, AND REMEDIES FOR NON-COMPLIANCE

25.     Any time limits for performance imposed by this Consent Order may be extended by the mutual written agreement of the parties.  The other provisions of this Consent Order may be modified by written agreement of the parties or by motion to the Court.  If the modification is by written agreement of the parties, then such modification will be effective thirty (30) days from the date of the filing of the written agreement with the Court, and shall remain in effect for the duration of the Consent Decree or until such time as the Court indicates through a written order that it has not approved the modification.

26.     The parties to this Consent Order shall be responsible for their own attorney's fees and court costs.

27.     The parties to this Consent Order shall endeavor in good faith to resolve informally any differences regarding the interpretation of and compliance with this Consent Order prior to bringing such matters to the Court for resolution. However, in the event the United States contends that there has been a failure by the Defendants, whether willful or otherwise, to perform in a timely manner any act required by this Consent Order or otherwise comply with any provision thereof, the United States may move the Court to impose any remedy authorized by

law or equity, including, but not limited to, an order requiring the performance of such act or deeming such act to have been performed, and an award of any damages, costs and attorney's fees which may have been occasioned by the Defendants' violation or failure to perform. The Court shall not order an award of such damages, costs or attorney's fees if the United States sought court intervention prior to making a good faith attempt to resolve the matter without court intervention; or such failure on the part of the defendants was substantially justified; or other circumstances make an award of expenses unjust

## IX. RETENTION OF JURISDICTION

28. This Consent Order shall be in effect for a period of three (3) years from its date of entry. The Court shall retain jurisdiction for the duration of this Consent Order to enforce its terms after which time this case shall be dismissed with prejudice. Either Party may move the Court to extend the duration of the Consent Order for good cause shown.

**Agreed to by the parties as indicated by the signatures appearing below:**

For the United States:

CAROLE S. RENDON
United States Attorney

_____
Michelle L. Heyer (#0065723)
Heather Tonsing Volosin (#0069606)
Assistant United States Attorneys
United States Attorney's Office
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3686
(216) 522-2404 Fax
michelle.heyer@usdoj.gov
heather.tonsing.volosin@usdoj.gov

For Trumbull Metropolitan Housing Authority, Russell Osman and Valerie Simeon:

_____
Daniel P. Thomas
DelBene, LaPolla & Thomas
155 Pine Avenue, NE,
P.O. Box 353
Warren, OH 44482
(330)392-4176
Law_office@delbenelapollathomas.com

**IT IS SO ORDERED.**

This _____ day of _____, 2017.

_____
UNITED STATES DISTRICT JUDGE

APPENDIX A

**NONDISCRIMINATION POLICY**

It is the policy of the Trumbull Metropolitan Housing Authority ("TMHA") to comply with Title VIII of the Civil Rights Act of 1968, as amended, (commonly known as the Fair Housing Act) by ensuring that units are available to all persons without regard to race, color, religion, national origin, disability, familial status, or sex. This policy means that, among other things, the TMHA and all its agents and employees with the responsibility for renting, managing or administering any TMHA programs must not discriminate against qualified applicants or residents because of race, color, or disability. This policy specifically includes the issuance of housing vouchers.

TMHA agents and employees may not:

A. Refuse to rent a dwelling, fail to provide or offer information about a dwelling, or otherwise make unavailable or deny, a dwelling to any person because of race, color or disability;

B. Discriminate against any person in the terms, conditions, or privileges of rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, or disability;

C. Refuse to make reasonable accommodations in their rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability an equal opportunity to use and enjoy a dwelling

Any TMHA agent or employee who fails to comply with this Nondiscrimination Policy will be subject to appropriate disciplinary action. Any action taken by an agent or employee that results in the unequal service to, treatment of, or behavior toward applicants or residents on the basis of race, color, religion, national origin, disability, familial status, or sex may constitute a violation of state and federal fair housing laws.

Any resident who believes that any of the above policies have been violated by any agent or employee of the TMHA may contact the U.S. Department of Housing and Urban Development at 1-888-799-2085, the U.S. Department of Justice at 1-800-896-7743 or the United States Attorney's Office at 216-622-3600.

## APPENDIX B

## EMPLOYEE ACKNOWLEDGMENT

I acknowledge that on _____ _____, 201__, I was provided with a copy of the following:

- A copy of the Consent Order entered by the Court in <u>United States</u> v. <u>Trumbull Metropolitan Housing Authority</u>, X:1X-cv-xxxx-(ND Ohio);
- A copy of the Trumbull Metropolitan Housing Authority's Nondiscrimination Policy;
- A copy of the Trumbull Metropolitan Housing Authority's Reasonable Accommodation Policy for Persons with Disabilities; and
- A copy of the Trumbull Metropolitan Housing Authority's Complaint Policy.

I have read and understand these documents and have had my questions about these documents answered. I understand my legal responsibilities and shall comply with those responsibilities.

_____
[PRINT NAME]


_____
[SIGNATURE]


_____
[JOB TITLE]

APPENDIX C

**EMPLOYEE TRAINING CERTIFICATION**

I certify that on _____ \_\_\_\_, 201\_\_, I received training with respect to my responsibilities under the Consent Order entered by the Court in <u>United States</u> v. <u>Trumbull Metropolitan Housing Authority</u>, X:1X-cv-xxxx-(ND Ohio), and the federal Fair Housing Act, including reasonable accommodation.  I have had the opportunity to have my questions about them answered.  I understand my legal responsibilities not to discriminate under the federal fair housing laws, including the Fair Housing Act, and shall comply with those responsibilities.

_____
[PRINT NAME]

_____
[SIGNATURE]

_____
[JOB TITLE]