UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:17-cv-00101 |
| | ) | |
| Plaintiffs, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANTS' REPLY IN SUPPORT** |
| TRUMBULL METROPOLITAN HOUSING | ) | **OF THEIR MOTION FOR SUMMARY** |
| AUTHORITY, *et al.* | ) | **JUDGMENT** |
| | ) | |
| Defendants. | ) | |

Now come Defendants, Trumbull Metropolitan Housing Authority ("TMHA"), Russell Osman and Valerie Simeon, and respectfully submit this Reply in Support of their Motion for Summary Judgment. Plaintiffs' Opposition is a desperate attempt to sidestep evidentiary pitfalls using inadmissible evidence and ignore the fact that none of their own experts support their claims in this case. Plaintiffs have utterly failed to create a genuine issue of material fact for any of the claims that are the subject of Defendants' Motion for Summary Judgment, thereby warranting Summary Judgment in Defendants' favor.

Respectfully submitted,


/s/ Matthew M. Ries
Kevin P. Murphy, #0029747
Matthew M. Ries, #0083736
HARRINGTON, HOPPE & MITCHELL, LTD.
108 Main Avenue, S.W., Suite 500
Warren, OH   44481
Tel. 330-392-1541
Fax 330-394-6890
Email:  KMurphy@hhmlaw.com
         MRies@hhmlaw.com
Attorneys for Defendants

Daniel P. Thomas, #0017521
DELBENE LAPOLLA & THOMAS
155 Pine Avenue, NE
Warren, OH 44482
Tel. 330-392-4176
Email: law_office@delbenelapollathomas.com
Attorney for Defendants

## MEMORANDUM IN SUPPORT

I. **LAW AND ARGUMENT**

   A. **Plaintiffs' Opposition Fails To Create A Genuine Issue Of Material Fact**

Plaintiffs completely ignore the overwhelming evidence that is dispositive of their claims and the fact that **none** of their six (6) expert witnesses support them. For example:

   1. **Failure-to-Accommodate Disability Discrimination Claim (Plaintiff James Glenn) – No Evidence**

Plaintiffs argued that Defendants committed disability discrimination against them by not providing Plaintiff James Glenn with a house that had a completely separate bedroom to be used exclusively for at-home dialysis treatments. They proffered nephrologist, Dr. Sherif Soliman, M.D., as their expert in support of this position. But when Dr. Soliman was deposed, he testified that a completely separate room used exclusively for dialysis is not required. (ECF No. 56-10, Soliman Dep. at 28-29.) Dr. Soliman testified that a separate room is not a recognized standard for at-home dialysis and that dialysis patients often dialyze in their bedrooms. *Id.* Furthermore, there is zero evidence that the Merriweather House was inadequate for Plaintiff Glenn's dialysis needs, and Dr. Soliman has provided no opinion to the contrary. Similarly, defense expert, Dr. Richard Quigg, M.D., has confirmed that a completely separate bedroom is not a recognized accommodation for at-home dialysis and that the Merriweather house was perfectly adequate to accommodate Plaintiff Glenn's dialysis needs. (ECF No. 56-12, Quigg Aff. and Expert Report.) Even Plaintiff Glenn admits that the Merriweather house was adequate for his dialysis needs and that he had no concerns about the Merriweather House. (ECF No. 56-7, Glenn Dep. at 69.) Plaintiffs completely ignore this testimony and provide no evidence in support of their claim - only conclusory arguments.

### 2. Failure-to-Accommodate Disability Discrimination Claim (Plaintiff A. Provitt) – No Evidence

Plaintiffs argued that Plaintiff Sonnie Provitt's daughter, A. Provitt, needed a separate bedroom as a disability accommodation request based on bedwetting issues. They even went so far to argue that, "The evidence indicates that the elder daughter is a person with disabilities as defined by the Fair Housing Act, as the daughter is a person with a learning disability and enuresis; <u>this was confirmed on September 5, 2014 by the child's pediatrician, Dr. Vescera.</u>" (Emphasis Added.) (ECF No. 61, p. 7.) **This is completely false**. Dr. Vescera testified that he does not think that the daughter is disabled and that he never made a disability accommodation request to TMHA. (ECF No. 56-13, Vescera Dep. at 14.)

Secondly, Plaintiffs identified two school psychologist experts, Dr. Katherine Schroder Ph.D., and Marissa Davies, to testify that the daughter needed a separate bedroom for a learning disability. But Dr. Schroder and Ms. Davies both testified that they never evaluated the daughter's housing situation and never had any communications with TMHA regarding her alleged learning disabilities. (ECF No. 56-15, Shroder Dep. at 45-46; ECF No. 56-16, Davies Dep. at 18.) Lastly, defense expert, Dr. Steven Neuhaus, Ph.D., stated that a separate bedroom is not a recognized medical accommodation for a child with learning disabilities. (ECF No. 56-14, Neuhaus Aff. and Expert Report.) Plaintiffs, again, completely ignore all of this evidence and rely purely on conclusory arguments.

### 3. Intentional Infliction of Emotional Distress Claim – No Evidence

Plaintiffs argue that Sonnie Provitt suffers from severe emotional distress as a result of the alleged actions by Defendants and proffered Plaintiffs' psychiatrist, Dr. Erin Klekot, M.D. as their expert in support of this claim. However, Dr. Klekot testified that Plaintiff Sonnie Provitt suffers from bipolar disorder and post-traumatic stress disorder from childhood abuse, unrelated

to TMHA's actions. (ECF No. 56-17, Klekot Dep. at 20-24.) In fact, Plaintiff was in therapy years before she ever applied to TMHA's voucher program. Dr. Klekot further confirmed that she is unable to draw any connection between the alleged action by Defendants and Plaintiffs' emotional distress. *Id*. at 40. Plaintiffs ignore this evidence and, instead, argue that Defendants caused emotional distress by communicating with Plaintiff James Glenn's medical provider, in Spring 2015, to obtain disability-related housing information. Plaintiffs' argument was already briefed at length in their Opposition to Defendants' Motion to Dismiss when this Court held, "[E]ven when the intervening Complaint is read liberally, it does not demonstrate that Defendants behavior was unreasonable, arbitrary, or shocks the conscience." (ECF No. 54, Judgment Entry, dated October 30, 2017, p. 9.)

### 4. Negligent Hiring/Training Claim – No Evidence

Plaintiffs identify no deficiencies in TMHA's hiring or training processes. Plaintiffs do not even provide any evidence of, or discuss, Plaintiffs' training programs at TMHA, let alone articulate how TMHA is negligent or deficient in administering those programs.

More importantly, Plaintiffs have failed to identify any pattern of similar constitutional violations as required by the U.S. Supreme Court to establish a negligent hiring/training claim. *See*, *Connick v. Thompson*, 131 S. Ct. 1350, 1354 (2011) (a pattern of similar constitutional violations by untrained employees is necessary to support negligent training claim); *Fisher v. Harden,* 398 F.3d 837, 849 (6th Cir.2005) (the plaintiff "must show prior instances of unconstitutional conduct demonstrating that the County has ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.") Rather, Plaintiffs opposition confirms that they have no evidence of prior constitutional violations or similar conduct to TMHA as required to support their claim.

B.       **Plaintiffs' Opposition Relies on Inadmissible Evidence**

Perhaps realizing that even their own witnesses do not support their claims, Plaintiffs desperately attempt to avoid summary judgment by using inadmissible evidence from the allegations in HUD's Charge of Discrimination and the Consent Order entered in this case.

1.       **HUD's Initial Allegations are not Evidence**

Plaintiffs' Opposition is almost a verbatim copy-and-paste from the allegations in HUD's Charge of Discrimination, issued on September 22, 2016, and attached to the Opposition as Exhibit C. HUD's Charge of Discrimination is evidence of nothing. The Charge is merely a series of allegations that were never actually adjudicated.

42 U.S.C. §3612 provides for several options for HUD to prosecute a charge of discrimination. Namely, the two options are: (1) file a lawsuit in Court; or (2) conduct a hearing before an Administrative Law Judge. *See*, 42 U.S.C. §3612(a) and (b). If a hearing is selected, the parties have right to be represented by counsel, present evidence, and cross examine witnesses. 42 U.S.C. §3612(c). Furthermore, the parties may engage in discovery in order to prepare for the hearing. 42 U.S.C. §3612(d). After the hearing, the Administrative Law Judge will issue findings of fact and conclusions of law that are then subject to review by the HUD Secretary, followed by a final order. 42 U.S.C. §3612(g) and (h). After a final order, an aggrieved party may file a petition for judicial review. 42 U.S.C. §3612(i).

In this case, the Charge of Discrimination was never adjudicated. There was never any discovery, cross examination, or a hearing before an Administrative Law Judge. As a result, there have never been any findings of fact, conclusions of law, or a final order. Rather, Plaintiffs elected to go with the first option under 42 U.S.C. §3612(a) and file the instant lawsuit. And the discovery process in this lawsuit has revealed that Plaintiffs' claims are completely baseless and

not even supported by their own witnesses. As a result, Plaintiffs now default back to the original Charge of Discrimination, which is nothing more than unproven allegations and certainly not evidence of liability.

### 2. The Parties' Consent Order is Inadmissible

Plaintiffs also rely heavily on a Consent Order entered into between the United States and Defendants in an attempt to resolve this lawsuit.

This consent order is inadmissible for two reasons: (1) the consent order is not evidence of liability as Defendants expressly denied any liability in the Consent Order; and (2) courts have long recognized that consent orders are inadmissible for purposes of proving liability under Evidence Rule 408.

Defendants argue that the Consent Order creates a genuine issue of material fact as to Defendants' liability on the negligent hiring/training claim. However, the Consent Order expressly states "[T]his Consent Order is not intended to connote, and shall not be construed as connoting, and admission of liability by the Defendants by whom liability is expressly denied." (ECF No. 9-1, p. 3.) Rather, the United States of America and Defendants entered into this Consent Agreement in an attempt to resolve this case without further litigation. The Consent Order does not contain any admissions of liability or stipulations of fact concerning any of the contested issues in this case. Perhaps more importantly, the United States of America never filed a negligent hiring/training claim against Defendants, so it makes no sense for Plaintiffs to argue that this Consent Order somehow supports their negligent hiring/training claim.

Moreover, consent orders are generally inadmissible under Evid. R. 408. See, *Price v. Trans Union, L.L.C.,* 839 F. Supp. 2d 785, 811 (E.D. Pa. 2012), citing *Bowers v. Nat'l Collegiate Athletic Ass'n,* 563 F.Supp.2d 508, 535–36 (D.N.J.2008).

Evid. R. 408 provides: "furnishing ... a valuable consideration in compromising or attempting to compromise the claim," as well as "conduct or statements made in compromise negotiations regarding the claim," is "not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction...." Fed.R.Evid. 408. "The purpose of Rule 408 is, of course, to encourage settlements and compromises of disputed claims, which would be discouraged if such evidence were admissible." *Bowers,* 563 F.Supp.2d at 536.

Therefore, consent orders are not admissible for purposes of proving liability, particularly when such liability is expressly denied as part of the consent order. *See, e.g., Abrams v. Nucor Steel Marion, Inc.,* 694 Fed. Appx. 974, 978 (6th Cir. 2017)(noting that the district court excluded the consent decree as inadmissible under Evid. R. 408, which the parties did not dispute on appeal); *Tobia v. United Group of Companies, Inc.,* No. 1:15-CV-1208, 2016 WL 5417824, at *2 (N.D.N.Y. Sept. 22, 2016) (consent order is inadmissible to prove liability under Evid. R. 408); *U.S. v. Gilbert*, 668 F.2d 94, 97 (2d Cir. 1981) (a civil consent decree is inadmissible to prove liability under R. 408); *Figures v. Board of Public Utilities of Kansas City, Kansas,* 1990 WL 94346, *7–8 (D.Kan.1990) *aff'd* 967 F.2d 357 (10th Cir.1992) (because the consent decree did not constitute a finding of liability, the plaintiff could not use the consent decree to intimate that the defendant had, in fact, committed discrimination).

While some courts have admitted evidence of consent decrees, those decisions are limited to cases where the consent decree is admitted to show prior notice of unlawful actions and/or pattern and practice evidence. See, e.g., *Bowers v. City of Philadelphia,* CIV.A. 06-3229, 2008 WL 5234318, at *5 (E.D. Pa. Dec. 12, 2008). This exception is inapplicable here because the

Consent Order arose out of this lawsuit and, therefore, is not prior notice or pattern and practice evidence.

The Consent Order is inadmissible can cannot be exploited to prove liability against Defendants. Plaintiffs are simply trying to muster up any evidence they can in support of their claims, even when that evidence is clearly inadmissible under Evid. R. 408 and contains an express denial of liability.

## II.  CONCLUSION

After thirteen (13) depositions, including six (6) medical and professional witnesses identified by Plaintiffs as witnesses who would opine and support their position, none of those witnesses' testimony is cited in Plaintiffs' Opposition to Defendants' Motion for Summary Judgment. Instead, Plaintiffs describe their own expert witnesses as "not remotely probative of the fundamental issues in this case" (Page 19) and rely on unproven allegations from the HUD Charge of Discrimination and the Consent Order. Plaintiffs have simply failed to create a genuine issue of material fact, and summary judgment is warranted.

Respectfully submitted,

/s/ Matthew M. Ries

| | |
|---|---|
| Kevin P. Murphy, #0029747 | Daniel P. Thomas, #0017521 |
| Matthew M. Ries, #0083736 | DELBENE LAPOLLA & THOMAS |
| HARRINGTON, HOPPE & MITCHELL, LTD. | 155 Pine Avenue, NE |
| 108 Main Avenue, S.W., Suite 500 | Warren, OH 44482 |
| Warren, OH  44481 | Tel. 330-392-4176 |
| Tel. 330-392-1541 | Email: law_office@delbenelapollathomas.com |
| Fax 330-394-6890 | Attorney for Defendants |
| Email: KMurphy@hhmlaw.com | |
|       MRies@hhmlaw.com | |
| Attorneys for Defendants | |

CERTIFICATE OF SERVICE

    I hereby certify that on March 21, 2018, a copy of the foregoing was sent via email to: Jonathan F. Andres, Jonathan F. Andres, JONATHAN F. ANDRES P.C., 1127 Hoot Owl Rd., St. Louis, MO 63005, Email: andres@andreslawpc.com; Counsel for Plaintiffs-Intervenors JG, SP, and their minor children, AP and MH.

    /s/ *Matthew M. Ries*_____
    MATTHEW M. RIES