PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | ) |
| Plaintiffs, | ) CASE NO. 4:17CV101 |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| TRUMBULL METROPOLITAN HOUSING AUTHORITY, *et al.*, | ) |
| | ) **MEMORANDUM OF OPINION AND** |
| Defendants. | ) **ORDER** [Resolving ECF No. 64] |

**I.**

Pending before the Court is Defendants' Motion to Strike Exhibits C and D of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment. ECF No. 64. Plaintiffs-Intervenors have filed their response. ECF No. 65. Defendants replied. ECF No. 66. For the reasons provided below, Defendants' motion (ECF No. 64) is denied.

**II.**

In anticipation of the Court's ruling on their partial motion for summary judgment, Defendants move to "strike Exhibits C and D (i.e., HUD's Letter of Non-Compliance and Charge of Discrimination) attached to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment." ECF No. 64 at PageID#: 2154. Defendants contend that Exhibits C and D "are not evidence and do not prove anything    they are HUD's preliminary allegations that were never adjudicated or proven, but are now being misconstrued by Plaintiffs as 'facts' in this case." *Id.* The Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions

(4:17CV101)

of documents other than pleadings.  *See* Fed. R. Civ. P. 12(f) (limited to striking pleadings or portions of pleadings).  If a brief or affidavit refers to matters a court should not consider (such as inadmissible evidence), while a court is free to exercise its discretion, the usual recourse is for the court simply to disregard those matters, not to strike them.  *Lombard v. MCI Telecomm. Corp.*, 13 F. Supp. 2d 621, 625 (N.D. Ohio 1998) (citing *State Mut. Life Assurance Co. of Am. v. Deer Creek Park*, 612 F.2d 259, 264 (6th Cir. 1979)).

Furthermore, although Fed. R. Civ. P. 56(c)(2) provides that "a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence," the Advisory Committee Notes to Rule 56(c), explicitly clarify that, "[t]he objection functions much as an objection at trial, adjusted for the pretrial setting," and "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Advisory Committee's Note to Fed. R. Civ. P. 56(c).  The Notes further assert that "[t]here is no need to make a separate motion to strike.  If the case goes to trial, failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial." *Id.*

In light of the Court's duty to review and rely exclusively upon admissible evidence when ruling on a motion for summary judgment, the Court shall fulfill its duty to consider only admissible evidence when ruling on Defendants' motion for summary judgment.  In doing so, the portions of Plaintiffs' opposition to that motion, and the exhibits thereto, that are not rooted in admissible evidence will not be considered by the Court.  Therefore, Defendants' Motion to Strike (ECF No. 64) is denied as unnecessary.

(4:17CV101)

## III.

For the reasons stated above, Defendants' Motion to Strike ([ECF No. 64](ECF No. 64)) is denied as unnecessary.

IT IS SO ORDERED.

 May 11, 2018                     */s/ Benita Y. Pearson*
Date                              Benita Y. Pearson
                                  United States District Judge