IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | ) | CASE NO. 4:17-CV-00101 |
| | ) | |
| Plaintiffs, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| vs. | ) | |
| | ) | |
| TRUMBULL METROPOLITAN HOUSING | ) | |
| AUTHORITY (TMHA), RUSSELL OSMAN, | ) | **RESPONSE TO SUPPLEMENTAL** |
| in his official capacity as Assistant Director | ) | **BRIEF TO DEFENDANTS' MOTION** |
| of TMHA, VALERIE SIMEON, in her official | ) | **REGARDING COUNTS 1, 2, AND 8** |
| capacity as Voucher Program Coordinator for | ) | **OF PLAINTIFFS' INTERVENING** |
| TMHA, | ) | **COMPLAINT** |
| | ) | |
| Defendants. | ) | |

## I. INTRODUCTION

Counts 1, 2, and 8 of the Intervening Complaint [ECF #16] allege claims actionable under 42 U.S.C. § 1983 and arising from Defendants' termination of Plaintiffs' housing choice voucher in October 2014. Defendants contend these claims are subject to Ohio's so-called "general two (2)-year statute of limitations for personal injuries" and are therefore time–barred.

Section 1983 confers a general remedy for injuries to personal rights. Federal law does not provide a statute of limitations applicable to § 1983 claims, and the applicable statute of limitations must be borrowed from the State in which the cause of action arose.

Because §1983 claims are best characterized as personal injury actions, the Supreme Court instructs that a State's personal injury statute of limitations should be applied to all § 1983 claims. In States where multiple statutes of limitations apply to personal injury actions, the State's residual or general personal injury statute of limitations applies to § 1983 claims in that State.

Ohio has multiple statutes of limitations that apply to personal injury actions. Based upon the Supreme Court's reasoning and analysis in *Owens v. Okure*, 488 U.S. 235 (1989), the residual

or general personal injury statute of limitations applicable to Plaintiffs' claims in Counts 1, 2, and 8 is the four year statute of limitations in Ohio R.C. 2305.09(D).

Because the conduct giving rise to Plaintiffs' § 1983 claims occurred at the earliest during the Fall of 2014, the four year residual personal injury statute of limitations contained in R.C. 2305.09(D) had not run when Plaintiffs filed their complaint on March 27, 2017.

For these reasons, as more fully discussed below, Plaintiffs claims were timely filed and Defendants' request for relief should be denied.

## II. DISCUSSION

### A.     Overview of Section 1983

Section 1983 is part of the Civil Rights Act of 1871 enacted by Congress in response to mistreatment of newly emancipated slaves. *Wilson v. Garcia*, 472 U.S. 261, 278 (1985). Based upon its legislative history and the wide array of claims it embraces, § 1983 "confers a general remedy for injuries to personal rights." *Id*. Because § 1983 claims "are best characterized as personal injury actions," the Supreme Court in *Wilson* held that a State's personal injury statute of limitations should be applied to all § 1983 claims. *Id*. at 280.

*Wilson* did not provide complete guidance for selecting the appropriate limitations period for § 1983 claims. In States with multiple statutes of limitations for personal injury actions, federal courts differed over how to determine which statute applied. *See, e.g., Preuitt & Mauldin v. Jones*, 474 U.S. 1105, 1108 (1986) (White, J., dissenting from denial of certiorari) ("[C]onflicting princples have determined the statute of limitations chosen for § 1983 actions in the Tenth Circuit on the one hand and the Fifth and Eleventh Circuits on the other"). The differing Circuits had endorsed two alternative analyses: the intentional torts approach and the general or residual personal injury approach. *See Okure*. at 242.

In *Okure,* the Supreme Court reviewed and clarified the statute of limitations analysis in § 1983 claims. Recognizing the need for practical inquiry, the Court observed that every State "has multiple intentional tort limitations provisions, carving up the universe of intentional torts into different configurations." *Id*. at 243. It cited to several States as examples, including Ohio: "In Ohio, separate provisions govern 'bodily injury,' Ohio Rev. Code Ann. § 2305.10 (Supp. 1987), 'libel, slander, malicious prosecution, or false imprisonment,' § 2305.11, and "assault or battery,' § 2305.111." *Id*. at 244. The Supreme Court found the intentional tort approach "manifestly inappropriate" because confusion in choosing between multiple personal injury provisions simply would become confusion in choosing among multiple intentional tort provisions. *Id*.

The Supreme Court in *Okure* selected the general or residual personal injury approach as the means of coalescing the statute of limitations analysis in § 1983 claims:

> In marked contrast to the multiplicity of state intentional tort statutes of limitations, every State has one general or residual statute of limitations governing personal injury actions. Some States have a general provision which applies to all personal injury actions with certain specific exceptions. Others have a residual provision which applies to all actions not specifically provided for, including personal injury actions. Whichever form they take, these provisions are easily identifiable by language or application. Indeed, the very idea of a general or residual statute suggests that each State would have no more than one.

*Id*. at 245-248.

Where a State has one or more statutes of limitations for enumerated intentional torts, and a residual statute for all other personal injury actions, the Supreme Court stated, "[w]e hold that the residual or general personal injury statute of limitations applies." *Id*. at 236.

3

The *Okure* decision yields four inescapable facts: (1) Ohio is among the States with multiple intentional tort limitations statutes; (2) R.C. 2305.10 is cited as one of Ohio's several enumerated intentional tort limitations statutes; (3) when a State has one or more statutes of limitations for enumerated intentional torts, the appropriate state statute of limitations to borrow for § 1983 claims is the residual or general personal injury statute of limitations, not any statute of limitations for enumerated intentional torts; and (4) Ohio's residual or general personal injury statute of limitations, by definition, cannot be the intentional tort limitations statute R.C. 2305.10.

### B.      Applicable Statue of Limitations

The Ohio statute of limitations that includes personal injuries not otherwise enumerated is R.C. § 2305.9(D), and that statute "provides Ohio's residual personal injury statute of limitations." *Prohazka v. Ohio State Univ. Bd. of Trustees* (Dec. 16, 1999), 10th Dist. No. 99AP-2, 1999 WL 1189036, *9; *see also Bojac Corp. v. Kutevac*, 64 Ohio App.3d 368, 370-371, 582 N.E.2d 625 (11th Dist.); *but compare Nadra v. Mbah*, 119 Ohio St.3d 305, 893 N.E.2d 829 (2008). The court in *Prohazka* reversed the trial court's dismissal of plaintiff's § 1983 claim based on application of the two year limitations period in R.C 2310.10. *Id*.

The *Prohazka* court easily recognized *Okure's* clear support for the conclusion that R.C. § 2305.9(D) provides Ohio's residual personal injury statute of limitations:

> Our conclusion that R.C. 2305.09(D), rather than R.C. 2305.10 provides Ohio's residual personal injury statute of limitations is supported by *Okure*. In discussing why a state's general or residual personal injury statute of limitations, rather than a state's statute of limitations for certain enumerated intentional torts, is more appropriately applied to section 1983 claims, the *Okure* court indicated that most states have multiple intentional tort provisions, with each provision applying only to

4

certain enumerated intentional torts. Therefore, the court concluded, adopting state intentional tort statutes of limitations as the statute of limitations applicable to section 1983 claims would "succeed only in transferring the present confusion over the choice among multiple personal injury provisions to a choice among multiple intentional tort provisions." In further explaining this rationale, the *Okure* court cited R.C. 2305.10 as one of Ohio's several enumerated intentional tort statutes, suggesting the court did not believe R.C. 2305.10 to be Ohio's general or residual personal injury statute of limitations.

*Id*. at *11 (citations omitted).

### C.    Authority Cited by Defendants is Unavailing

Defendants do not discuss or cite *Owens v. Okure*, 488 U.S. 235 (1989). The only authority offered in support of Defendants' argument is *Browning v. Pendleton,* 869 F.2d 989 (6th Cir. 1989 *en banc*) and *Nadra v. Mbah*, 119 Ohio St.3d 305, 893 N.E.2d 829 (2008). *See Supp. Br*. [ECF #68-1] at 3.

The Sixth Circuit in *Browning* considered a narrow issue: "The question before us is whether the appropriate statute of limitations for section 1983 actions arising in Ohio is contained in Ohio Rev. Code Ann. § 2305.11 (Anderson 1988), which provides that all actions for intentional torts must be brought within one year of their accrual, or Ohio Rev. Code Ann. § 2305.10 (Anderson 1988), a general statute which requires that actions for bodily injury be filed within two years after their accrual." *Id*. at 990. The court granted rehearing because of inconsistencies between two panels of the court on the applicable statute of limitations for a § 1983 claim. *Id*. (citing *Carroll v. Wilkerson,* 782 F.2d 44 (6th Cir.) (per curiam), *cert. denied* 479 U.S. 923, 107 S.Ct. 330, 93 L.Ed.2d

302 (1986); *Mulligan v. Hazard*, 777 F.2d 340 (6th Cir. 1985), *cert. denied*, 476 U.S. 1174, 106 S.Ct. 2902, 90 L.Ed.2d 988 (1986).

*Browning* was briefed and argued several months before, and decided approximately two months after, the Supreme Court issued the *Okure* opinion. Because *Okure* rejected the approach to statute of limitations in § 1983 claims adopted by the Sixth Circuit in *Mulligan*, the Sixth Circuit concluded that the approach to statute of limitations in § 1983 claim in *Carroll*, the only other approach up for debate in *Browning*, must be the way to go. Significantly, the Sixth Circuit in *Browning* does not undertake to identify Ohio's residual personal injury statute of limitations or discuss R.C. 2305.10 in light of the Supreme Court's regard and treatment of that statute in *Okure*.

The Sixth Circuit instead reaches a conclusion inconsistent with *Okure*. It first observed in *Browning* that in States like Ohio the appropriate state statute of limitations to borrow for claims brought under 42 U.S.C. § 1983 is the residual or general personal injury statute of limitations, not any intentional tort limitations statute. *Browning* at 992 (citations omitted). On the heals of that observation, the court inexplicably concluded that R.C. 2305.10 – the very statute *Okure* had just identified as one of Ohio's enumerated intentional tort statutes – is the appropriate Ohio statute of limitations to borrow for § 1983 claims. *Id.*

Since deciding *Browning,* the Sixth Circuit has acknowledged, not surprisingly, that "there might be a good argument" for using R.C. 2305.09(D), instead of R.C. 2305(10), as the statute of limitations in § 1983 claims arising in Ohio. *Browning. LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1105 fn. 2 (6th Cir. 1995). Indeed there is, not the least of which is *Okure* and its binding effect on all Circuit Courts. The Sixth Circuit rightly noted in *LRL Properties* that *Browning* is only controlling "unless an inconsistent decision of the United States Supreme Court

requires modification of the decision." *Id*.

Simply put, and for the reasons discussed, *Okure* is an inconsistent decision of the United States Supreme Court that requires modification of *Browning*. In the meantime, *Browning*, to the extent inconsistent with *Okure*, must yield in favor of the Supreme Court's decision and guidance in *Okure*.

The other case Defendants cite, *Nadra v. Mbah*, 119 Ohio St.3d 305, 893 N.E.2d 829 (2008), is an Ohio Supreme Court decision. Significantly, when viewed against the constraints in *Wilson* and *Okure*, *Nadrah* serves to confirm the United States Supreme Court's view that R.C. 2305.10 is one of Ohio's several enumerated intentional tort statutes. Bodily injury is a subset of personal injury, and *Nadrah* recognized that R.C. 2305.10 governs intentional torts involving bodily injury such as harassment and loss of reputation. *Id*. at ¶¶ 26, 29. Such a statute does not qualify under *Okure* to serve as the residual or general personal injury statute of limitations for § 1983 claims arising in Ohio.

*Nadrah* also recognized the residual nature of R.C. 2305.09, to a point. "While R.C. 2305.09(D) might be a residual statue of limitations, it is not a residual statue of limitations for personal injuries as defined in *Okure*." *Id*. at ¶ 31. Citing the broad array of actions filed under § 1983, the *Nadrah* court expressed concern over R.C. 2305.09(D)'s exclusion of bodily injury from its coverage of all other personal injury. *Id*. at ¶ 31. This exclusion, in the court's view, rendered R.C. 2305.09(D) too narrow to apply to § 1983 claims. *Id*.

A review of *Okure* and R.C. 2305.09(D) shows the *Nadrah* court's concerns are unfounded. The Supreme Court in *Okure* defined a residual statute of limitations as one with either a general provision which applies to all personal injury actions with certain specific exceptions, or with a

residual provision which applies to all actions not specifically provided for, including personal injury actions. *Okure* at 245-248.

R.C. 2305.09(D) squarely meets *Okure's* definition of a residual statute. The statute applies to all injuries to the rights of the plaintiff except those arising on contract and enumerated in R.C. 2305.10 to 2305.12. In other words, as "residual statute of limitations" (as *Nadrah* acknowledges), it has a general provision which applies to all personal injury actions with certain specific exceptions. Instead of being outside *Okure*, R.C. 2305.09(D) falls within the definition of a residual statute of limitations for personal injuries found in *Okure*.

### III. CONCLUSION

Based on the foregoing, the four year residual personal injury statute of limitations in R.C. 2305.09(D) applies to Plaintiffs' claims in Counts 1, 2, and 8, and because the conduct giving rise to those claims occurred at the earliest during the Fall of 2014, the claims were timely filed and Defendants' Motion for Summary Judgment on Counts 1, 2, and 8 should be denied.

Respectfully submitted,

JONATHAN F. ANDRES P.C.

/s/ Jonathan F. Andres
Jonathan F. Andres (Mo. 39531)
231 S. Bemiston, Ste. 910
St. Louis, MO 63105
Tel. (636) 633-1208
andres@andreslawpc.com

Counsel for Intervening Plaintiffs

8

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a copy of the foregoing was filed electronically with the Court this 12th day of May 2018 with copies of this filing to be sent to all counsel of record by operation of the Court's electronic filing system.

<u>/s/ Jonathan F. Andres</u>