PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) CASE NO. 4:17CV101 |
| Plaintiffs, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| TRUMBULL METROPOLITAN HOUSING AUTHORITY, *et al.*, | ) |
| | ) |
| | ) **MEMORANDUM OF OPINION AND** |
| Defendants. | ) **ORDER** [Resolving ECF No. 68-1] |

Pending is Defendants' Supplemental Brief to Defendants' Motion for Summary Judgment [ECF No. 56] Regarding Counts 1, 2, and 8 of Plaintiffs' Intervening Complaint. ECF No. 68-1. Plaintiffs have filed a response in opposition. ECF No. 73. Defendants replied. ECF No. 74. For the reasons that follow, the motion (ECF No. 68-1) is granted.

## I. Procedural Background

Defendants requested leave to file, *instanter*, a supplemental brief in support of their pending motion for summary judgment. ECF No. 68. Defendants contend that the two-year statute of limitations applicable in § 1983 cases Ohio Revised Code ("O.R.C.") § 2305.10 bars: (1) Counts One and Two, in which Plaintiffs allege that, under 42 U.S.C. § 1983, Defendants deprived them of a hearing regarding Defendants' October 2014 decision to terminate their participation in the voucher program; and (2) Count Eight, in which Plaintiffs allege that, Defendants violated the United States Housing Act of 1937, 42 U.S.C. §§1437d,

(4:17CV101)

1437f, by terminating them from the Section 8 housing choice voucher program [in October 2014] without providing them with written notice of the opportunity to request an informal hearing, of Plaintiffs' Intervening Complaint. ECF Nos. 68-1;16. For good cause shown, the Court granted Defendants' motion for leave to file (ECF No. 68). *See* May 10, 2018 non-document Order.

In opposition, Plaintiffs assert that Ohio's four-year statute of limitations, O.R.C. § 2305.09(D), is the proper statute of limitations in § 1983 cases. ECF No. 73.

## II. Law and Analysis

In *Wilson v. Garcia*, 471 U.S. 261, 105 S. Ct. 1938, 85 L.Ed.2d 254 (1985), the Supreme Court "directed federal courts to apply the single most analogous state personal injury statute of limitations to claims brought under 42 U.S.C. § 1983." *Ross v. Ross*, 1997 WL 693081, at *1 (6th Cir. Oct. 31, 1997). "In *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), the Supreme Court further clarified that when a state has multiple statutes of limitations for different categories of personal injury actions, the residual personal injury statute of limitations applies." *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997). Following *Wilson* and *Owens*, the Sixth Circuit, in *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989), held that the "limitations period for § 1983 actions arising in Ohio is the two-year period in Ohio Revised Code ("O.R.C.") § 2305.10." *Id*. Accordingly, since *Browning*, it is well-settled that, O.R.C. § 2305.10 is the appropriate statute of limitations in § 1983 cases. *See Ross*, 1997 WL 693081, at *1 ("Ohio's two year statute of limitations contained in Ohio Rev.Code Ann. § 2305.10 . . . is to be applied to civil rights claims arising in Ohio."); *LRL*

*Properties v. Portage Metro Housing Auth.*, 55 F.3d 1097, 1105 (6th Cir. 1995) (explaining that the Sixth Circuit "squarely addressed this issue in *Browning v. Pendleton*, 869 F.2d 989 (6th Cir.1989) (en banc), and definitively held that "the appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio ... requires that actions ... be filed within two years after their accrual."); *Fuller v. Cuyahoga Metro. Housing Auth.*, 2007 WL 987309, at * 3 (N.D. Ohio Apr. 2, 2007) (citing *Browning* for the proposition that, "the statute of limitations for filing a federal § 1983 claim is determined by state law; in Ohio, the period is two years").

The Court finds Defendants' motion (ECF No. 68-1) to be well-taken.  Plaintiffs filed their Intervening Complaint on March 27, 2017.  ECF No. 16.  It is undisputed that Counts One, Two, and Eight, of Plaintiffs' Intervening Complaint, are based on Defendants' termination of Plaintiffs' housing voucher in October 2014.  *See* ECF Nos. 68-1 at PageID#: 2316; 73 at PageID#: 2474.  Accordingly, Plaintiffs' claims are barred by the two-year statute of limitations applicable to § 1983 claims, and therefore, dismissed.  Ohio Rev. Code § 2305.10; *Browning v. Pendleton*, 869 F.2d at 992; *Stevenson v. Willis*, 579 F. Supp. 2d 913, 921 (N.D. Ohio 2008) (explaining that the Supreme Court in *Wright v. City of Roanoke Redevelopment & Housing Authority*, 479 U.S. 418, 107 S.Ct. 766, 93 L.Ed.2d 781 (1987), addressed the use of § 1983 in conjunction with the United States Housing Act, and found a private right of action in the Housing Act); *see also Hunter v. Underwood*, 362 F.3d 468, 477 (8th Cir. 2004) (holding that "Section 1983 is the proper means by which a public housing tenant may challenge the action of a state public housing agency that violates the United States Housing Act.").

(4:17CV101)

### III. Conclusion

For the reasons stated above, Defendants' Supplemental Brief to Defendants' Motion for Summary Judgment (ECF No. 68-1) is granted.[1]  The case is closed.  A separate judgment entry will issue.

IT IS SO ORDERED.

| | |
|---|---|
| May 17, 2018 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[1] On May 10, 2018, the Court granted Defendants' partial Motion for Summary Judgment (ECF No. 56) as to Counts Three, Four, Five, Nine, Fourteen, and Fifteen. ECF No. 70.